UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILTON DOWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 06 C 519 |
| vs. | ) |
| | ) Wayne R. Andersen |
| UNITED STATES OF AMERICA | ) District Judge |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the petition of Milton Dowell to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

### I. Background

On October 1 and 28, 1998, petitioner Milton Dowell twice attempted to purchase cocaine from an undercover agent of the Drug Enforcement Administration. He was subsequently charged by a special grand jury on July 29, 1999 with two counts of knowingly and intentionally attempting to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). On December 12, 2002, a jury convicted him on both counts. The court later sentenced him as a career offender under the United States Sentencing Guidelines to incarceration for 360 months.

Dowell appealed his sentence to the United States Court of Appeals for the Seventh Circuit. He raised two issues on appeal: (1) whether the sentencing court used an incorrect standard in denying a motion for a downward departure pursuant to United States Sentencing Guidelines § 5H1.4; and (2) whether, because the Bureau of Prisons does not provide organ

transplants, incarcerating him was a violation of his Eighth Amendment right to be free from cruel and unusual punishment. The Seventh Circuit affirmed the district court's decision on October 27, 2004. Dowell has not raised either of these issues here. Petitioner Dowell now moves under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

## II. Standard of Review

Collateral relief under 28 U.S.C. § 2255, the federal habeas corpus statute, is available only in limited circumstances. The statute provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Relief, therefore, is limited to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994), quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991).

The standard for granting an evidentiary hearing is similarly limited. While a district judge is not required to grant an evidentiary hearing in all section 2255 petitions, *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995), a hearing must be granted if the petitioner "alleges facts that, if proven, would entitle him to relief." *Id.* at 293, quoting *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994). Evidentiary hearings, however, are not required if the petitioner's allegations are conclusory or speculative rather than specific and factual, *Daniels*, 54 F.3d at 293, citing *Aleman v. United States*, 878 F.2d 1009, 1012-14 (7th Cir.1989), or when "the

2

record standing alone conclusively demonstrates that a petitioner is entitled to no relief," *Daniels*, 54 F.3d at 293, quoting *Humphrey v. United States*, 896 F.2d 1066, 1070 (7th Cir.1990). Because the record in this case is conclusive, no hearing will be granted.

### III. Discussion

Dowell sets forth multiple grounds on which he claims entitlement to relief. His first claim is that the government failed to establish proper jurisdiction when it prosecuted him on an indictment rather than a complaint. His second claim is an unfounded constitutional claim that he was convicted for an offense not charged in the indictment. The remainder of his claims for relief are variations on the theme of ineffective assistance of counsel. The court first will discuss the initial two grounds, before proceeding to an examination of petitioner's burden in establishing ineffective assistance of counsel. As a preliminary matter, however, the court begins by addressing the issue of timeliness.

#### A. Timeliness of 28 U.S.C. § 2255 Petition

Under 28 U.S.C. § 2255, a petitioner is granted one year from the date of his final judgment in which to file his habeas corpus petition. The United States Supreme Court has held that, in the context of post-conviction relief, finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005), quoting *Clay v. United States*, 537 U.S. 522, 527 (2003). The government correctly identifies January 25, 2006 as the date by which Dowell's section 2255 petition was required to have been filed in order to be timely, but claims that his petition did not include any statement or certification as to when it was mailed for purposes of evaluating its timeliness. Contained within

3

Dowell's memorandum in support of his section 2255 motion, however, is a certificate of service, certifying that Dowell placed into "authorized mail service" his motion and memorandum on January 20, 2006, thereby filing within the proper time period.

The Seventh Circuit definitively has established that the so-called mailbox rule extends to prisoners filing *pro se* habeas corpus petitions. "For statute of limitations purposes, a petition is deemed filed when given to the proper prison authorities and not when received by the district court clerk." *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999). As Dowell provided his section 2255 petition to prison authorities on January 20, 2006, his petition is deemed to be filed on that date, landing him within the permissible statutory period. The court therefore accepts as timely Dowell's section 2255 petition.

## B. Petitioner's First Claim

Dowell claims that the government failed to file a complaint against him and therefore had no jurisdiction to try, convict, and punish him. This argument fails on procedural grounds. The Federal Rules of Criminal Procedure require the prosecution of felony offenses by way of an indictment. *See* FED. R. CRIM. P. 7. Here, the record demonstrates that the case against Dowell proceeded upon an indictment dated July 29, 1999 and thereby proceeded in accordance with the Federal Rules.

## C. Petitioner's Second Claim

Dowell claims he was convicted of "criminal conduct" not included in the indictment. He fails, however, to offer any evidence to support this claim. Dowell was charged and convicted of two counts of attempting to possess with intent to distribute cocaine. It would be fundamentally unfair – and patently unconstitutional – to convict a defendant on charges without

4

notice. That is not the case here. Dowell was tried and convicted of the offenses charged in the indictment dated July 29, 1999.

Dowell claims that the government produced no evidence at trial sufficient to convict him. His belief is based on a misunderstanding of the crime of attempt. "When a defendant has been active in negotiating a drug transaction and has actually taken physical steps to obtain possession of a drug, [the] offense of attempting to possess with intent to distribute is complete." 21 U.S.C.A § 846, note 14, citing *U.S. v. Cea*, 914 F.2d 881 (1990). Dowell's claim that he never actually possessed the cocaine he was attempting to buy is indicative of his misunderstanding. Dowell was tried and convicted not for possession of cocaine, but for his attempt to possess cocaine with intent to distribute, a crime specifically covered by 21 U.S.C. § 846. The record shows that evidence supporting the attempt charges was presented at Dowell's trial and proved him guilty beyond a reasonable doubt.

A careful reading of Dowell's claim suggests that he believes it was highly prejudicial for his previous criminal activity, specifically his previous relationship with the government's informant, to be used against him in his trial. The trial court record shows that the government filed a motion to admit other acts evidence under the inextricably intertwined doctrine. The court correctly granted the government's motion.

In the Seventh Circuit, "acts concerning the chronological unfolding of events that led to an indictment or other circumstances surrounding the crime [are] not evidence of 'other acts' within the meaning of Fed. R. Evid. 404(b)." *United States v. Senffner*, 280 F.3d 755, 764 (7th Cir. 2002), quoting *United States v. Ramirez*, 45 F.3d 1096, 1102 (7th Cir. 1995). Dowell's previous dealings with the informant, in which he purchased cocaine for distribution, led to the

5

investigation which produced the indictment against him. These previous dealings completed the story of the crime on trial in that they established Dowell's relationship with the informant and explained the context in which Dowell might have credibly sought to purchase cocaine from the informant. Dowell was not convicted for his previous acts, but rather for his attempts to purchase cocaine charged under the indictment.

The government additionally satisfied its burden under Rule 403 of the Federal Rules of Evidence demonstrating that the admission of the evidence of Dowell's previous relationship with the informant was more probative than prejudicial because it was offered not to show Dowell's propensity but his motive, intent, plan, knowledge, opportunity, and absence of mistake or accident. The government's motion regarding admission of other acts evidence under the inextricably intertwined doctrine was correctly granted by the court.

### D. Petitioner's Claim of Ineffective Assistance of Counsel

Dowell also advances the constitutional argument that he received ineffective assistance of counsel. When analyzing a claim for ineffective assistance of trial counsel, the court applies the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To successfully establish ineffective assistance, a petitioner must provide evidence that his attorney's performance fell below an objective standard of reasonableness (the "performance prong") and that the counsel's deficiencies prejudiced his defense (the "prejudice prong"). *Id.* at 688-92.

The performance prong requires the petitioner to specifically identify acts or omissions that form the basis of his claim of ineffective assistance. *Id.* at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* Courts begin this analysis with a

strong presumption that counsel rendered reasonably effective assistance. *United States v. Morales*, 964 F.2d 677, 683 (7th Cir.1992).

The prejudice prong requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. Failure to satisfy either the performance prong or prejudice prong of the Strickland test is fatal to an ineffectiveness claim. *See Chichakly v. United States*, 926 F.2d 624, 630 (7th Cir.1991).

Dowell claims ineffective assistance of counsel on four grounds: (1) defense counsel failed to file a motion for acquittal at trial based on insufficient evidence for the jury to convict, (2) defense counsel failed to object to improper jury instructions, (3) appellate counsel failed to raise the failure to file a motion for acquittal as an error to be reviewed on appeal, and (4) appellate counsel failed to raise several other issues on appeal. Dowell's arguments fail to meet either the performance prong or the prejudice prong on each of the four grounds.

*1. Failure to file motion for acquittal based on insufficient evidence for the jury to convict*

Dowell's first ineffective assistance of counsel claim is that his attorney failed to file a motion for acquittal based on insufficient evidence for the jury to convict. As noted above, Dowell's claim is without merit. Dowell's claim is based on his misunderstanding of the crime of attempt, and his claim that he never possessed the cocaine he was attempting to buy reflects that misunderstanding. The record shows that evidence supporting the attempt charges was

7

presented at Dowell's trial and proved beyond a reasonable doubt. For the reasons noted above, Dowell fails to meet either the performance or prejudice prong on this ground.

### 2. *Failure to object to improper jury instructions*

Dowell's second ineffective assistance of counsel claim is that his counsel failed to object to jury instructions. Dowell's argument is essentially a redux of his other claims, that he was convicted on insufficient evidence. Dowell, however, fails to point to any specific jury instruction that he claims was improper. In addition, a review of the record shows uncontroversial jury instructions. Because Dowell does not identify any legal bases under which his counsel should have objected, he fails to meet either prong to overcome his burden for ineffective assistance of counsel.

### 3. *Appellate counsel's failure to raise the failure to file a motion for acquittal as an error to be reviewed on appeal*

Dowell claims his appellate counsel was ineffective because trial counsel's failure to move for acquittal was not raised on appeal. This argument has no merit. Dowell has no constitutional right to force "counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Paschal v. U.S.*, 2003 WL 22462555, at *5 (N.D. Ill. Oct. 30, 2003), quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Appellate counsel was within his rights to exercise his independent judgment in determining which claims were meritorious to be presented on appeal. Dowell again fails to meet either the performance or prejudice prong to overcome his burden here.

### 4. *Appellate counsel failed to raise other failures on appeal*

Dowell's final claim is that appellate counsel failed to raise other failures on appeal, namely, the sufficiency of the evidence used against him at trial, and a repetition of all of the claims already addressed above. Again, appellate counsel has the right and duty to consider and select the best arguments to be brought forth on appeal. *Jones*, 463 U.S. at 751. As noted above, appellate counsel chose two issues for appeal: (1) whether the sentencing court used an incorrect standard in denying a motion for a downward departure pursuant to United States Sentencing Guidelines § 5H1.4; and (2) whether, because the Bureau of Prisons does not provide organ transplants, incarcerating him was a violation of his Eighth Amendment right to be free from cruel and unusual punishment. As noted above, Dowell's claim that his conviction rests on insufficient evidence is without merit, and his counsel was well within his professional judgment in deciding not to make that argument in his appeal. Dowell offers no evidence that his counsel's decisions fell below an objective standard of reasonableness or prejudiced his defense in any way. Therefore, his last argument fails.

## IV. CONCLUSION

This court, of course, retains a vivid memory of Mr. Dowell, perhaps even an affection for the sense of humor and courtesy he displayed at trial. The court certainly sympathizes with the medical problems he faces and wishes him well. Nonetheless, for the foregoing reasons, petitioner Milton Dowell's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied, terminating the case. This is a final and appealable order.

Wayne R. Andersen
United States District Judge

Dated: December 22, 2006